[ PHILADELPHIA, FEBRUARY 6TH, 1840. ]


COMLY *against* BRYAN and Others.

RISING and Another *against* BRYAN and Others.


IN ERROR.


In an action in the District Court for the City and County of Philadelphia, by the endor-
sees of a bill of exchange dated at Nashville, against the acceptor residing in Phila-
delphia, the defendants filed an affidavit of defence, stating that after the bill was due,
" it was forwarded by the plaintiffs to D. W. & Co. of Nashville," who by letter, dated
after the bill became due, had agreed to receive payment in their own notes, &c. In
a supplemental affidavit, the defendant stated that he had seen an entry in the account-
book of the plaintiffs, in which the bill " had been charged back by them to the endor-
sees, by whom it had been forwarded to them for collection." In an action in the same
Court by the endorsees against the drawer of the bill, the defendant filed an affidavit of
defence, stating that the bill was " held, as the deponent has learned since the same
was due, by D. W. & Co. of Nashville," who were indebted to the defendant in a much
greater amount, and by letter dated after the bill became due, agreed to receive payment
in their own notes held by the defendant; and the affidavit concluded with stating, that
the bill " if now held and owned by the plaintiffs must necessarily have been trans-
ferred to them by D. W. & Co. since the date of the letter." *Held,* that the District
Court was right in giving judgments for want of sufficient affidavits of defence in the
above cases.


THESE cases were brought into this Court by writ of error to the
District Court for the City and County of Philadelphia, and were
argued together.

The first was an action of assumpsit, brought to June term, 1838,
by Timothy M. Bryan, John Rodman, and Isaiah B. Heylin, trading
as Bryan, Rodman & Heylin against Samuel Comly, as acceptor
of a bill of exchange drawn by Rising & Harris.

The second action which was brought to September term, 1838,
was brought by the same plaintiffs against Rising & Harris, the
drawers of the bill.

(Comly v. Bryan.)

The plaintiffs filed in each action a copy of the bill of exchange on which the suit was brought, and which was as follows:

"$500 .                         Nashville, March 3d, 1837.

Ninety days after date pay to the order of J. H. Fisher, five hundred dollars, value received, and charge the same to account.

                                   RISING & HARRIS.

To Mr. Samuel Comly.    Philadelphia.          .          No. 759.

Accepted, payable at Philadelphia Bank.    Endorsed by J. H. Fisher, Richmond, Fisher & Co., Bryan, Rodman & Heylin."

In the case of Bryan v. Comly, the following affidavit of defence was filed on the 13th of June, 1838.

"Samuel Comly, the defendant, being duly affirmed, doth depose and say, that there is a just and legal defence to the whole of the demand in this case; that the nature and character of said defence are as follows: to wit, that said suit is instituted upon a draft drawn by Rising & Harris of Nashville, on deponent and accepted by him for five hundred dollars; that said draft was endorsed to the plaintiffs; that after the same was due, it was forwarded by them to Douglass, Wood & Co., of Nashville; that said Douglass, Wood & Co., were indebted to the drawers of said draft in a much larger sum; and further, said Douglass, Wood & Co. on the 15th of January, 1838, agreed with said Rising & Harris, to accept in payment for the same, any of our (their) endorsements or other liabilities, or in such other mode as may be most convenient to you (Rising & Harris,) as will appear by the following extract from their letter to Rising & Harris, to wit.—

                           'Nashville, 15th January, 1838.

Messrs. Rising & Harris, Philadelphia.

Gentlemen, your favour of the 8th is this moment received and has had our attention.    We hold one only of your bills on S. Comly for five hundred dollars, and will receive payment in any of our endorsements, or other liabilities, or in such other mode as may be most convenient to you.'

Deponent further saith, that in consequence of said agreement between Douglass, Wood & Co. with Rising & Harris, the drawers of said bill, that he the defendant, the acceptor of said bill, has settled with Rising & Harris, the drawers thereof, and has no funds in his hands belonging to them.

                                   SAM. COMLY."

"David B. Rising, one of the firm of Rising & Harris, being duly affirmed, doth say, that he has read the foregoing affidavit of S. Comly, and that the facts therein set forth are true.

                                   D. B. RISING."

On the 6th day of August, 1838, on motion of the plaintiff's

(Comly v. Bryan.)

attorney, the Court granted a rule on the defendant to show cause why judgment should not be entered for want of a sufficient affidavit of defence.

On the argument of the above rule, the Court allowed the defendant to file an additional affidavit of defence; which was done on the 15th of September, 1838, in the words following, to wit:

"Samuel Comly, the defendant, being duly affirmed, further saith that the plaintiffs called upon him for the payment of the acceptance referred to in this deponent's affidavit, filed in this case on the 13th day of June, 1838. Deponent declined paying it, stating that the drawers, Rising & Harris, had claims against the holders of said draft prior to its coming into the hands of the present plaintiffs, and to a much larger amount than said draft, and that the deponent himself has claims against the same parties, to a much larger amount. That deponent next morning called at the counting-room of the plaintiffs when they opened their account-book and showed to deponent, an entry therein in which said draft had been charged back by them to the endorsers, by whom it had been forwarded to them for collection. That said charge was made prior to the arrangement referred to in deponent's prior affidavit, and in that of D. B. Rising, at the suit of the same plaintiff, which latter he prays may be considered as a portion of this statement of defence.

SAM. COMLY."

In the case of Bryan v. Rising & Harris, the following affidavit of defence was filed.

"David B. Rising, having been duly sworn according to law, doth depose and say, that he has a just and true defence to the plaintiffs' claim urged in this case; the nature and character are as follows. This suit is instituted upon a draft for five hundred dollars, which was held, as deponent has learned since the same was due, by Douglass, Wood & Co. of Nashville, Tennessee. These holders agreed with the defendants to receive their liabilities which they might hold, in payment of said draft, as will appear by the following extract from their letter to the defendants, dated Nashville, January 15th, 1838.

'We hold one only of your bills on S. Comly for five hundred dollars, and will receive payment in any of our endorsements or other liabilities, or in such other mode as may be most convenient to you.' At the time of writing this letter, said Douglass, Wood & Co., then holding said bill, which is the one now sued out in this case, were to a much greater amount, indebted to these defendants; and are still so indebted to them: and defendants are willing and offer to deduct this draft from their claim. The said draft if now held and owned by the plaintiffs, must necessarily have been trans-

(Comly *v.* Bryan.)

ferred to them by Douglass, Wood & Co. since the date of the above letter.

D. B. Rising."

By a copy of the protest for non-payment, filed on the 1st of October, 1838, it appeared that the bill was presented for payment on the 3d of June, 1837, at the request of " the Girard Bank in the City of Philadelphia, the holders of the bill," &c.

The District Court after argument, ordered judgment to be entered in each case for want of a sufficient affidavit of defence, on the 25th of September, 1838.

Writs of error were then taken, and on the return of the records, the following specifications were filed.

" 1. The Court erred in deciding that the facts laid in the affidavits would not, if proved before a jury, have been a full defence to this suit.

2. The Court erred in deciding, that if such an arrangement was made, as is stated in the affidavit, Comly was not discharged thereby.

3. The Court erred in deciding that the plaintiffs were entitled to a judgment in this action, when there was a positive affidavit, that those parties had parted with the possession of the instrument on which this suit is brought.

4. The Court erred in deciding that the said bill of exchange had not been fully paid and satisfied to the real owners thereof.

5. The Court erred in giving judgment in favour of the plaintiffs, notwithstanding the defendants' affidavits filed."

Mr. *Guillou,* and *Mr. M'Call,* for the plaintiffs in error.

These affidavits are to be liberally construed. The facts are stated with sufficient precision. The word " forwarded," *does not* necessarily mean for collection. Why should the bill have been sent to Nashville for collection, when the acceptor resided here? The defendant has a strong equity for relief which can be obtained here at law. He had claims against the real holders for a much larger amount, which he ought not to be deprived of. The case of *The Commonwealth* v. *Clarkson,* (1 *Rawle,* 291,) decided that mutual demands extinguish each other by operation of law, without actual defalcation by the act of the parties. [Gibson, C. J. That case has been greatly misunderstood. It never was intended so to decide; and so we have said in an opinion delivered last summer at Sunbury.] Certainly the case has been understood as stated; and the doctrine appears to have been carried out in *Conrad* v. *Lancaster,* (2 *Rawle,* 324.) [Huston, J. The case of a negotiable note is

(Comly *v.* Bryan.)

there alluded to and excepted.] It is not necessary that money should be actually paid, to give a right of set-off. *Murray* v. *Williamson,* (3 *Binn.* 135.) If a note be endorsed in blank, the Court never inquires into the right of the plaintiff, whether he sues in his own name or as trustee. *Manson* v. *Lamb,* (7 *Cowen,* 176.) *Waggoner* v. *Colvin,* (11 *Wendell,* 27.)

Mr. *Hieskell,* (with whom was Mr. *Hood,*) for the defendants in error.—The first affidavit is defective and insufficient. The second contradicts the first. The defendant has not sworn that Douglass, Wood & Co. were the *owners* of the bill. Then there is nothing to show that the plaintiffs are not the real *bona fide* holders, and if so the rule of law in respect to the defence attempted to be set up, is perfectly plain.

The opinion of the Court was delivered by

Rogers, J.—The affidavit of defence required by the second section of the act of the 28th of February, 1835, must be construed most favourably for the plaintiff, as it is altogether probable that the defendant will in all cases state the nature and character of the defence, as strongly as the facts will justify. We can at any rate make no intendments for him. The Court have a right to expect a clear and distinct averment of the fact on which the defence must turn. These suits, which we consider together, are brought by the endorsees of a bill of exchange against the drawer and acceptor. The defendants' seek to set off a debt due from Wood, Douglass & Co., to the drawer, on an allegation that the latter were at one time and now are the holders of the bill. It is an essential ingredient in the defence, that Wood, Douglass & Co. should have been the owners as well as the holders or possessors of the bill. But in this material allegation, the affidavits are singularly, and it would seem studiously defective. The first affidavit states, that the suit is instituted upon a draft drawn by Rising & Harris, of Nashville, on the deponent, and accepted here, &c. ; that the said draft was endorsed to the plaintiffs; that after the same was due, it was forwarded by them to Douglass, Wood & Co., &c. Now what are we to understand from this part of the affidavit? The legitimate inference would seem to be, not that the latter, but the plaintiffs, were the owners of the bill; and we may also infer, that the bill was sent by them in the ordinary course of business, to their correspondents for collection at Nashville, where the drawers resided. Unless this was believed to be so by the deponents, why adopt language so well calculated to produce this impression, when it was so easy to negative any such conclusion? In the supplemental affidavit which Comly was permitted to file, and in the affidavits of Rising & Harris, Wood, Douglass & Co. are spoken of as the holders of the bill; but it is remarkable, in connection with the terms before used,

(Comly *v.* Bryan.)

that it is not stated in what character they held it, whether as endorsees or owners, or as agents for collection. It is no unfair presumption that the defendants had reason to believe that they held it in the latter capacity; which will satisfactorily account for the ambiguous language of the affidavits. Comly states that he called at the counting-house of the plaintiffs, when they opened their account books and showed to the deponent an entry therein, in which the draft had been charged back by them to the endorsees, by whom it had been forwarded to them for collection. He omits to say how he obtained the information that it was forwarded to the plaintiffs for collection by the endorsees, or what perhaps may be more material, he neglects to inform us who were the endorsees; and it is unfortunate for the defence that it could not be Wood, Douglass & Co., as their names no where appear upon the bill. Unless the latter were the owners of the bill, their offer not accepted by Rising & Harris to receive payment in any of their endorsements or other liabilities, amounts to nothing, unless it is satisfactorily shown, that they had authority from their principals to enter into such an engagement.

Judgment affirmed.