## Kent, Santee & Co.'s Appeal.

In order that a better price might be obtained for a debtor's property, certain execution-creditors agreed with the sheriff that an assignee for the benefit of creditors appointed after fi. fa. issued and levy made, should sell the property and account to the sheriff for the proceeds. *Held*, that in the absence of fraud or that the execution had not issued for the purpose of lien or delivery, the lien of these execution-creditors was not made void by this agreement, and other creditors were not entitled by reason thereof to come in and ask for a *pro rata* distribution.

May 16th 1878. Before AGNEW, C. J., MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ. SHARSWOOD, J., absent.

Appeal from the Court of Common Pleas of *Cumberland county*: Of May Term 1878, No. 123.

Appeal of Kent, Santee & Co. from the decree of the court dismissing the exceptions to the report of the auditor appointed to dis-

| | |
|---|---|
| 87 | 165 |
| 144 | 144 |
| 87 | 165 |
| 161 | 453 |
| 87 | 165 |
| 164 | 113 |
| 87 | 165 |
| 171 | 327 |
| 87 | 165 |
| 200 | 193 |
| 87 | 165 |
| 34 SC | 42 |

[Kent, Santee & Co.'s Appeal.]

tribute the fund arising from the sale of the personal property of
L. T. Greenfield.    The trial was held before McLean, P. J.
    The facts are stated in the opinion of this court.

*H. Newsham*, for appellants.—An assignment to trustee for all
creditors, and deed recorded, bond given and possession taken, is
put on the same footing with a subsequent execution: Common-
wealth *v*. Stremback, 3 Rawle 341; McClure *v*. Ege, 7 Watts 77.
From the facts as proved, the conclusion is inevitable, that these
executions were not issued for the purpose of collecting the money
due on the judgment, but only to secure a lien.    This was an
attempted perversion of the design of an execution, and against the
policy of the law and the Statute of Frauds: Commonwealth *v*.
Stremback, *supra*; Corlies & Co. *v*. Stanbridge, 5 Rawle 290;
Freeburger's Appeal, 4 Wright 246; Stern's Appeal, 14 P. F.
Smith 449.    The agreement on the part of the sheriff was itself
illegal and void.    Property, when taken by the sheriff must be sold
at public and not at private sale.    When sold at the latter, it is a
legal fraud: Keyser's Appeal, 1 Harris 409; Parys's Appeal, 5
Wright 277.

*John Hays*, for appellees.—An assignee is a mere volunteer, and
takes the estate subject to all the liens upon it.    He has no greater
rights than the assignor: Ritter *v*. Brendlinger, 8 P. F. Smith 68.
He may purchase property, or make an agreement calculated to
save the estate from sacrifice: Frank's Appeal, 9 P. F. Smith 190.
His possession of the goods did not prevent the sheriff from claim-
ing them: Weidensaul *v*. Reynolds, 13 Wright 78; Osborne's Est.,
5 Whart. 267.

    Mr. Justice PAXSON delivered the opinion of the court, June
17th 1878.
    The facts of this case are as follows: On November 5th 1875
nine writs of fieri facias were issued out of the Court of Common
Pleas of Cumberland county against L. T. Greenfield, and the same
day were placed simultaneously in the hands of the sheriff.    On
the morning of November 6th the sheriff levied on the drygoods
store and other personal property of the defendant and took pos-
session thereof.    After making the levy in due form, the sheriff
was informed by the attorney for the execution-creditors that Mr.
Greenfield would make an assignment.    On the same day Green-
field executed an assignment for the benefit of his creditors to S.
H. Gould, one of the execution-creditors; the trust was accepted and
appraisers appointed.    An arrangement was then made between the
assignee, the sheriff and the attorney for the execution-creditors, by
which the assignee was to take the possession of the property levied
upon, sell it and turn the proceeds over to the sheriff, the same as

if the sheriff had sold it under his writs, to be distributed *pro rata* upon the executions, the amount thereof being largely in excess of the appraised value of the property. Upon this express agreement the property was delivered to the assignee by the sheriff. It was subsequently sold by the assignee under this arrangement, and he then filed his account, in which he claimed a credit for the payment of the proceeds to the sheriff. The auditor disallowed this credit, upon the ground that the agreement of the assignee to take the property, subject to the lien of the levy made by the sheriff, was "illegal, null and void," and distributed the money "among all the creditors of the assignor in proportion to their respective claims as provided by the Act of 17th April 1843." The court below reversed the auditor, upon exceptions filed, and directed the fund to be applied *pro rata* to the nine executions. From this decree an appeal was taken by the appellants, who are general creditors, and they assign for error the ruling above stated.

The law does not favor an execution for the mere purpose of lien. There is a line of cases which hold that instructions to the sheriff to stay proceedings, or not to proceed upon an execution, or which indicate that it was issued not for the purpose of levy and sale, but for the purpose of lien, and to acquire security for the debt, will destroy the lien as to purchasers and subsequent execution-creditors: Commonwealth *v.* Stremback, 3 Rawle 341; Corlies *v.* Standbridge, 5 Id. 235; Freeburger's Appeal, 4 Wright 247; Parys's Appeal, 5 Id. 273; Keyser's Appeal, 1 Harris 409; Starr's Appeal, 14 P. F. Smith 447. This is a matter, however, of which the defendant cannot complain. The execution in such case is good against him. It is postponed only as to purchasers and subsequent execution-creditors. An assignee for creditors is not a purchaser. He is a mere volunteer: Ritter *v.* Brendlinger, 8 P. F. Smith 68; Missimer *v.* Ebersole, reported, *ante,* page 109. The assignee claims through the assignor. His rights rise no higher. The creditors claim through the assignee. They have his title, nothing more. The assignee took possession of the property under an express agreement to turn over the proceeds thereof to the sheriff. The auditor finds the transaction to have been free from fraud. The judgment upon which the executions were issued were bona fide. The sheriff could have gone on and sold, and would have done so but for the agreement of the assignee. There was nothing to indicate collusion for the purpose of hindering and delaying creditors. The object was manifestly to obtain a better price for the property. In doing so no one was injured. It has always been considered that an assignee having funds in his possession would have the right to redeem property of his assignor held in pledge or as collateral for a debt. In Frank's Appeal, 9 P. F. Smith 190, it was held that an assignee would be justified in buying assigned real estate at sheriff's sale to save it from

sacrifice, even if it resulted in a loss.   Had the property levied upon exceeded in value the executions, I have no doubt of the right of the assignee to have released it from the levy by paying off the executions.   The same result was accomplished in a different way. He agreed to sell the property subject to the lien of the executions. In Osborn's Estate, 5 Wharton 266, where an assignment was made for the benefit of creditors, and the landlord of the assignor gave notice to the assignee of the amount of rent due before the sale or removal of the goods, and told him that he wished to have it secured to him, which the assignee promised to do as far as the law allowed, it was held that the assignee was justified in paying the amount of rent to the landlord.

We see no error in this record.

The decree is affirmed and the appeal dismissed at the costs of the appellant.