William M. Rees, Assignee of Hulings Bros., Harvey A. Lowry, High Sheriff of Allegheny County, and Lewis Graham, High Sheriff of Beaver County, Appellants, v. Thomas Chantler et al.

*Public officers—Sheriff's control of property levied on.*

By agreement between certain execution creditors, the sheriff of Beaver county, the sheriff of Allegheny county, and the assignee for creditors of the defendant in the execution, a boat together with other property was turned over by the sheriff of Beaver county to the assignee, for purposes of sale, upon the understanding that distribution should be made by the sheriff. While it may be true that under such an agreement the assignee becomes the sheriff's agent, yet if he removes the property, with or without permission, to another county the official control thereof by the sheriff is lost, and the property becomes subject to seizure under execution in the jurisdiction to which it is removed.

Argued April 27, 1898. Appeal, No. 193, April T., 1898, by plaintiffs, from decree of C. P. No. 3, Allegheny Co., May T., 1898, No. 34, dissolving preliminary injunction. Before WICKHAM, BEAVER, REEDER, ORLADY, SMITH and W. W. PORTER, JJ. Affirmed.

Application to continue preliminary injunction directed against certain constables of Allegheny county, enjoining them from making sale of personal property levied upon by them. Hearing on bill, answer and testimony on behalf of the parties. Before KENNEDY, P. J.

It appears from the record and evidence that Hulings Bros., engaged in the coal business, towing coal barges and general contract business, made an assignment for the benefit of creditors in 1897. Prior to the date of the assignment, execution was issued in Beaver county and upon sundry executions under which was seized all their personal property then in Beaver county, among which was a dredge boat, engine and boilers. Subsequently, by an agreement entered into between the assignee of Hulings Bros., their execution creditors, and the sheriffs of Allegheny and Beaver counties, William M. Rees, the assignee, took possession of the property located in Beaver county, among which was the dredge boat, with engine and boil-

ers, and in order to make sale of it and pending the sale, more economically to take care of it, removed it from Beaver to Allegheny county. After the removal the defendants in this case recovered judgments before an alderman in Pittsburg for wages due them by Hulings Bros. within six months prior to their assignment for employment on or about this dredge boat. Executions were issued on these judgments, and the dredge boat was levied upon and advertised for sale upon the theory that the defendants were preferred under the Act of April 9, 1872, P. L. 47, and that, as more than thirty days had elapsed since the making of the assignment, their wages remaining unpaid, they could proceed regardless of the voluntary assignment under the Act of April 20, 1876, P. L. 43. The bill was filed to enjoin the defendants from proceeding with their executions upon two grounds, to wit: first, that the defendants were not within any of the classes whose wages were protected and secured under the Act of April 9, 1872, P. L. 47, and its supplements; second, that even if they were within the classes whose wages were secured by that act, the property levied upon under their executions being in the custody of the sheriff, they had no right to proceed under their executions in the hands of the constable.

The court below granted a preliminary injunction which, after hearing, was dissolved. Plaintiffs appealed.

*Error assigned* was to the order and decree refusing the preliminary injunction asked for in this case, and dissolving the restraining order or ex parte preliminary injunction heretofore granted at the cost of the plaintiffs.

*E. G. Ferguson* and *J. F. Reid*, with them *J. S. Ferguson*, for appellants.—We contended in the trial of this case in the court below that the appellees were not within the provision of any of the acts of assembly relative to preferences for wages for manual labor, for the reason that they were not clearly within the descriptions of the persons entitled to wage preferences.

The meaning of the word " contractor" was construed by the Supreme Court in the case of Gibbs & Sterrett's Appeal, 100 Pa. 528.

Agreements similar to those entered into between the par-

ties, plaintiffs in this suit, have been passed upon and approved by the courts in this state repeatedly: Broadhead v. Cornman, 171 Pa. 322; Leidich's Est., 161 Pa. 451.

To the same effect are Dickson & Co.'s Est., 166 Pa. 134, Matthews's Est., 144 Pa. 139, and Hanika's Est., 138 Pa. 330.

There is another reason, however, which we urge why the defendants have no right to proceed with their executions, which is, that the Act of April 20, 1876, P. L. 43, permitting suits to be brought after thirty days for wages, regardless of assignment for the benefit of creditors is class legislation, and in violation of article 3, sec. 7, of the constitution of 1874.

We do not know of any authority of the higher courts which we can cite in support of this proposition, but in the case of Foster v. Strayer, 44 P. L. J. 390, Judge WHITE, in an opinion filed by him, condemns this act as class legislation of a pernicious character.

*J. R. Braddock*, with him *Kirk Q. Bigham*, for appellees.

OPINION BY WILLIAM W. PORTER, J., January 18, 1899:

The claims, the collection of which by execution is sought to be restrained, are within the provisions of the act of 1872 and its supplements of 1883 and 1891. We have sufficiently discussed the scope of these acts in respect to the classes of persons entitled to the benefit of their provisions in an opinion filed this day in the case of Rees v. Hulings.

The present case raises a question as to the right to restrain the constable's levy by injunction. The property levied upon in Allegheny county is described as a "flat" or boat equipped with machinery for dredging, but not for propulsion. It had been previously in Beaver county, where it was levied upon by virtue of execution sur judgment by the sheriff of Beaver county. By agreement between the execution creditors, the said sheriff and the assignee for the benefit of creditors, this boat (as well as other property of Hulings Brothers), was turned over to the assignee for the purposes of sale. The assignee, in carrying out the purpose of the agreement, removed the boat into Allegheny county. There the constable made his levy upon it by virtue of execution sur judgment. This is alleged to be illegal.

It is claimed that the property was still in the custody of the

sheriff of Beaver county; that the assignee was his agent and representative by the terms of the agreement, and that such agreements have been upheld by the courts. Broadhead v. Cornman, 171 Pa. 322, Mathews's Estate, 144 Pa. 139, and Kent, Santee & Co.'s Appeal, 87 Pa. 165, are correctly cited to us in confirmation of the latter propositions. If the property had remained in Beaver county and the constable's levy had been lawfully made there, the contention would be sound in its entirety,—there being no taint of fraud in the transaction. The sheriff could not take property, in his custody under writs of execution, into another county for sale except at the peril of losing his official control of it, and what he had no right to do himself, he could not authorize another to do. When the property left the county of Beaver, it left the official protection of the sheriff of that county to the extent of exposing it to seizure and levy in the jurisdiction to which it was removed. The court, therefore, properly refused the writ of injunction.

The decree of the court below is affirmed.