Crawford County et al. *v.* Merchants' Nat. Bank et al. Appeal of Geo. W. Haskins et al., Assignee of Delamater & Co.

164    109
j 34 SC ¹ 42
164    109
f 36 SC ³358

[Marked to be reported.]

*Banks and banking—Assignment for benefit of creditors—County warrants—Course of dealing.*

A firm of bankers, at the time they made an assignment for the benefit of their creditors, had on deposit a large amount of money belonging to a county. Prior to their assignment they cashed for their customers a large number of warrants drawn upon the county treasurer. A number of these warrants were delivered as collateral security for a debt of the bank, which was subsequently paid by sale of the real estate. *Held* that the county was entitled to have the warrants surrendered, and a charge entered for their amount in the account of the county treasurer with the firm.

It seems that the county was entitled to a surrender of the warrants independently of the fact that it was the established course of dealing between the parties to have the warrants charged off against the treasurer's account.

*Equity—Jurisdiction—Possession of county warrants.*

Equity has jurisdiction in such a case to compel the surrender of the warrants.

*Equity—Amendment—Parties.*

A bill in equity was filed by the county against a national bank, which had received the warrants as collateral, but whose debt had been subsequently paid by the assignees of the firm. The court permitted an amendment adding the name of the county treasurer as a plaintiff, and the assignees of the firm as defendants. *Held*, that the amendment was proper, as it did not change the character of the litigation, or the cause of action, but merely brought in other parties whose interests were affected.

Argued April 26, 1894. Appeal, No. 495, Jan. T., 1894, from decree of C. P. Crawford Co., Feb. T., 1891, on bill in equity. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill to compel surrender of county warrants.

The case was referred to H. J. Humes, Esq., as master, from whose report it appeared that, on Dec. 5, 1890, the firm of Delamater & Co., bankers, made a voluntary assignment for the benefit of creditors to George W. Haskins and John O. McClintock. At the time of the assignment, Henry M. Miller, county treasurer, had $58,000 on deposit to his credit with the firm. Prior to the date of the assignment, Delamater & Co. had cashed a large number of county warrants for their customers, and for other banks in Meadville. These warrants were payable to bearer. On Feb. 19, 1890, Delamater & Co. delivered to the Merchants National Bank twenty-eight county warrants, and on Nov. 1, 1890, ten county warrants, aggregating in all about twenty thousand dollars, as security for debts which they owed the Merchants National Bank. Judgments were subsequently obtained by the National Bank which became liens on the real estate owned by the Delamaters. Upon the sale of the real estate the Merchants National Bank was paid in full.

The master found as follows in regard to the county orders:

"10th. Individuals obtaining county orders from the county commissioners that were not paid in cash at the county treasurer's office, took them to some of the Meadville banks and either deposited them as cash or received the money for them, and either daily or at the end of each week the banks holding such county orders took them to Delamater & Co.'s bank and received either cash or their own checks, then in the hands of Delamater & Co., for such orders.

"11th. Delamater & Co., bankers, received county orders as cash and counted them as such until an amount had accumulated, when the county treasurer gave his check for them and took the orders up.

"12th. Delamater & Co., bankers, being the depository of the county treasurer, the other banks of Meadville, including the defendants' bank, knowing this fact either because of an understanding between them and the county treasurer or Delamater & Co., bankers, or because of the custom that had grown up between the banks, that the one in which the county treasurer deposited his funds would cash all county orders, took all county orders received by them, or either of them, to Delamater

& Co., bankers, to be cashed, but Delamater & Co., bankers, while being the depository of the county treasurer, took no county orders to any other bank to have them cashed.

"13th. Beginning Jan. 28, 1889, when Henry M. Miller assumed the duties of the county treasurer, up to and including Dec. 4, 1890, the day Delamater & Co. failed, Henry M. Miller, county treasurer, at six different times, drew his check on Delamater & Co., bankers, to pay county warrants that had accumulated in that bank as follows, to wit: Feb. 25, 1889, check to pay county warrants, $1,064.89; April 17, 1889, check to pay county warrants, $1,828.12; July 16, check to pay county warrants, $25,612.65; July 23, 1889, check to pay county warrants, $500; Jan. 11, 1890, check to pay county warrants, $13,368.16; September 1, 1890, check to pay county warrants, $7,316.71; and once, to wit: Aug. 5, 1889, he drew a check, to 'currency and county warrants,' for $1,200."

The master recommended that a decree should be entered requiring the warrants to be surrendered to the county.

After the report was filed the court permitted an amendment of the record by the addition of the name of Henry M. Miller as a plaintiff, and of the names of the assignees of Delamater & Co. as defendants.

Exceptions to the master's report were dismissed, and a decree entered requiring the warrants to be surrendered to the county treasurer, and a credit entered upon the balance standing to the credit of H. M. Miller, treasurer, upon the books of Delamater & Co.

*Errors assigned* were dismissal of exceptions, allowance of amendment and entry of decree, quoting them.

*George W. Haskins* and *Thomas Roddy, John O. McClintock* with them, for appellants.—The amendments were improperly allowed: Brightly's Equity, § 699; Story's Eq. Pl. § 887; Brotzman's Ap., 119 Pa. 645; Toomey v. Hughes, 25 W. N. 66.

There was an adequate remedy at law: Clark's Ap., 62 Pa. 447.

*C. W. Tyler* and *J. W. Smith*, for appellees.—A county warrant is not a bill, note, check or contract; it is not negotiable;

and no action lies upon it; suit must be upon the original claim: Allison v. Juniata Co., 50 Pa. 351; Twp. v. Ryan, 86 Pa. 459; Twp. v. Boviard, 122 Pa. 442.

Money deposited in a bank by one person may be shown to be the property of another either by an attaching creditor or by the true owner: Hemphill v. Yerkes, 132 Pa. 545; Stair v. Bank, 55 Pa. 365.

But the bank is estopped to deny the ownership of the depositor to whom it has credited the money and is bound to honor his check : Bank v. Mason, 95 Pa. 113; Bank v. Alexander, 120 Pa. 476 ; Patterson v. Bank, 130 Pa. 419.

Where, however, the deposit is earmarked as the property of another than the depositor, the bank may not pay it to the depositor: Arnold v. Bank, 71 Pa. 287; Gaffney's Est., 146 Pa. 49; Burger v. Burger, 135 Pa. 499.

Money deposited in a bank by the treasurer of the board of poor directors is county funds, and the assignment by the treasurer, after the failure of the bank, of his bank book to the poor directors, furnishes no consideration to support the agreement of the directors to release the treasurer on his bond: Nason v. Poor Directors, 126 Pa. 445.   This case is authority, if any were needed, to give the county a right of off-set even against the objection of the treasurer.

Equity has jurisdiction: Bank v. Biddle, 2 Pars. Eq. Cas. 31; Story's Eq. Jurisp. §§ 699, 959, b; Harper's Ap., 109 Pa. 15; Bank v. Schuylkill Bk., 1 Pars. Eq. Cas. 180; R. R. v. Cooper, 33 Pa. 278; Adams' Ap., 113 Pa. 449; Evans v. Goodwin, 132 Pa. 136 ; Drake v. Lacoe, 157 Pa. 17.

The amendment was properly allowed: Rule 54, Equity Rules; Story's Eq. Pl. § 887; Darlington's Ap., 86 Pa. 512; Gas Co. v. Douglass, 130 Pa. 284.

OPINION BY MR. JUSTICE GREEN, Oct. 1, 1894:

Although the Merchants Bank is nominally a party to this record they are not appellants, and have no interest in the suit. Their debt against Delamater & Co. was paid in full out of the proceeds of the sheriff's sale of Delamater & Co.'s real estate, under judgments which were given to the bank by the firm or its members.  As the county warrants delivered by Delamater & Co. to the Merchants Bank were pledged as col-

lateral for the same debts for which the judgments were confessed, the bank has not, and does not claim to have, any right to retain the warrants and must therefore in any event surrender them to the assignees of Delamater & Co. The question to be decided therefore is simply whether the assignees are lawfully bound to surrender them to the county or to the county treasurer, and enter a charge for the amount of the warrants in the account of the county treasurer with Delamater & Co. In the regular course of dealing between the treasurer and Delamater & Co., that is precisely what would have been done, just as it had been done many times before. It is true the treasurer was in the habit of drawing his check for the amount of the warrants at the various times of settlement, but that formality was entirely unnecessary. The right of the bank to have credit on the account for the amount of the warrants on hand was just as complete without the check as with it. The present controversy therefore is only a contest between the county and the county treasurer on the one hand, and the assignees of Delamater & Co., on the other hand. But the assignees of Delamater & Co. merely stand in their shoes and have no higher rights than they had: Bullitt & Fairthorne v. The Chartered Fund etc., 26 Pa. 108; Kent's Appeal, 87 Pa. 165; Morris' Appeal, 88 Pa. 368; Wright v. Wigton, 84 Pa. 163.

If then Delamater & Co. could not have resisted a claim, by either the treasurer or the county, to have the warrants in the hands of Delamater & Co. charged against the account of the treasurer and delivered up, their voluntary assignees for the benefit of their creditors could not do so. Now it is the undisputed fact that Delamater & Co. had in their hands on deposit by the county treasurer, at the time of the assignment, money to the amount of $58,000, of which about $50,000 belonged to the county. That Delamater & Co. knew perfectly well that the account was a treasurer's account, and that the great bulk of the money in their hands to the credit of this account was trust money belonging to the county, is not only found as a fact by the master and the court below, but it is so palpably and necessarily true that no time need be wasted in the discussion of the subject. It would be an astounding proposition, therefore, to assert that, if Delamater & Co. had

brought an action or actions on the warrants in question, against the county, the latter could not have set up in defence the fact that at that very time Delamater & Co. had in their hands money of the county to the extent of $50,000, and therefore that the county must pay the $19,000 of warrants. Independently of the fact that it was the established course of dealing between the parties to have the warrants charged off against the treasurer's account, the defence would be good as a set-off, and also as an equitable assignment of the necessary amount of the funds in the Delamater & Co. bank to extinguish the warrants. The subject seems too plain for discussion.

There is not the least force in the objection on the ground that equity has no jurisdiction. The surrender of the warrants could not be obtained in a common law action, but only by a decree or order in chancery. In addition to that, discovery of the outstanding warrants, and of the facts pertaining to their issue, their ownership, their custody and the equities, if any, attaching to them, the adjustment of the account of the treasurer with the firm, and the determination as to how much of it was trust money, the inadequacy of the legal remedy, and the prevention of a multiplicity of suits by bringing all the parties interested into one litigation so that the rights of each could be determined and adjudged in one decree, each and all of these are sufficient sources of equitable cognizance.

The introduction into the case by amendment, of the county treasurer and of the assignees of Delamater & Co., was entirely right and clearly within the power of the court. It did not change in the least the character of the litigation, or the cause of action asserted in the bill. It merely brought in other parties whose interests were affected and who ought to be heard in their adjudication.

The assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellants.

DISSENTING OPINION BY MR. JUSTICE MITCHELL:

I am unable to concur in this judgment.

The warrants were not paid. Delamater & Co. had no authority to pay them unless authorized, or directed by the treasurer to do so. This is the hinge of the case, and the findings

of the master, especially numbers 11 and 13, show that there was no such authorization or direction, and no payment until the treasurer gave his check. It was the practice and perhaps the understanding that at convenient intervals checks should be given, and in the meantime as a matter of convenience and accommodation the orders were treated by Delamater & Co. as cash, but until the treasurer's check was actually given there was no payment in law, and this is a case for strict law, as one or other of innocent parties must lose by another's fault.

Until the orders were paid Delamater & Co. held them as valid claims on the county treasury, and the creditors have succeeded to their rights.

MR. CHIEF JUSTICE STERRETT concurred in this dissent.