# William P. Getty and Robert M. Morris, copartners, trading as Getty & Morris, Appellants, *v.* The Pennsylvania Institution for the Instruction of the Blind.

*Equity—Pleading—Demurrer.*

A demurrer to a bill in equity admits the averments of the bill, but does not admit argumentative conclusions, or doubtful inferences from undisputed facts.

*Mechanic's lien—Stipulation against liens—Retained percentage—Contract—Architect—Equity.*

Where a building contract stipulates that no lien shall be filed by contractor or subcontractors, and that the retained percentage shall not be payable until all mechanics and material-men "shall have in writing ac-

knowledged that they have been fully paid by the contractors for their work and materials done and furnished," and the contractors become insolvent and make an assignment before the retained percentage is paid, a bill in equity by the subcontractors as a class against the owner to enforce the payment of the retained percentage to them cannot be sustained, although the bill alleges that they had furnished work and material on the express assurance of the architect that the provision as to retained percentage was for their benefit; but not alleging authority in the architect to make such statement. In such a case, after written acknowledgments have been furnished to the owner, the fund should be. paid over to the assignee of the principal contractor for proper distribution.

Argued Jan. 19, 1900.   Appeal, No. 385, Jan. T., 1899, by plaintiffs, from decree of C. P. No. 1, Phila. Co., Dec. T., 1898, No. 1259, dismissing bill in equity.   Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Bill in equity by subcontractors to compel owners of a building to account for retained percentage.

The defendant demurred to the bill.

The averments of the bill and the grounds for demurrer are fully stated in the opinion of the Supreme Court.

*Errors assigned* were in sustaining the demurrer and dis-. missing the bill.

*Alex. Simpson, Jr.*, with him *Ira J. Williams, Joseph G. Magee* and *Francis Shunk Brown*, for appellants.—Under the fact stated in the bill appellees have no right to retain the fund. as against appellants and refuse to pay it to anybody: White v. Miller, 18 Pa. 52; Nice v. Walker, 153 Pa. 124; Sample v. Hale, 34 Neb. 220; Landis v. Royer, 59 Pa. 95; Lyman v. City of Lincoln, 38 Neb. 794; Zell's App., 111 Pa. 532; Adams v. Kuehn, 119 Pa. 76; Dreer v. Penna. Co., 108 Pa. 226; Delp v. Brewing Co., 123 Pa. 42; Brown v. Trust Co., 174 Pa. 443; Lesley v. Kite, 192 Pa. 268; Lancaster v. Frescoln, 192 Pa. 452.

*John G. Johnson*, with him *Thomas Hart, Jr.*, for appellee.— There is no averment in the bill to the effect that the. institution ever agreed with the subcontractors that they would waive

the condition precedent. If, however, they had thus agreed, the subcontractors would not become entitled to a fund stipulated to be paid only to the contractors: Geist's App., 104 Pa. 351; Christmas v. Russell, 14 Wall. 70; Dale v. Land Co., 3 Phila. 328; Pittsburg Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256.

To render a contract between two persons binding in favor of a third it must appear, first, that it was intended to confer an indefeasible interest on the latter; and, next, that defendant might otherwise be made answerable twice for the same default: Vadikin v. Soper, 2 Am. Leading Cases, 142.

*Alex. Simpson, Jr.*, in reply.—The provision that "the said final instalment shall not be payable until all the mechanics and materialmen" acknowledged payment, absolutely precludes recovery by the contractor, Moore v. Carter, 146 Pa. 492, and their assignee can have no higher rights. The clause is either meaningless, or it is for the benefit of the subcontractors, whom it was appellee's duty to protect: St. Louis v. Von Phul, 133 Mo. 561; Knapp v. Swaney, 56 Mich. 345; Zell's App., 111 Pa. 532.

The building contract, being recorded pursuant to the act of June 26, 1895, became part of the contract between the contractor and the subcontractors, and the latter are not only subject to the burdens, but entitled to the privileges resulting therefrom: Schroeder v. Galland, 134 Pa. 277.

The contention that all the subcontractors should have been joined is without merit. This is a class bill, and is filed on behalf of all the members of the class: Pepper v. Phila., 181 Pa. 566; Wheeler v. Phila., 77 Pa. 338.

OPINION BY MR. JUSTICE DEAN, February 5, 1900:

The Pennsylvania Institution for the Instruction of the Blind, this defendant, on June 30, 1897, entered into a contract with Warner H. Jenkins & Company, by which Jenkins & Company undertook to construct for defendant at Overbrook, a building designed as a home and school for the blind; the contract was duly recorded, as provided by Act of June 26, 1895, P. L. 369. It is quite elaborate as to details, and minute as to specifications. Clause C is as follows: "There shall be no lien or right to claim a lien against the building or its site for work or labor done or

materials furnished in the erection or construction of the building. And no such lien or claim shall be filed, or in any way enforced, by or on behalf of any subcontractor, material man or other person concerned in or about the said erection or construction. Nor shall there be any claim for such work or materials on the owners other than the personal claim of the contractors under this contract."

As a consideration for the work, defendant agreed to pay the contractors the sum of $286,300; the payments to be made monthly on certificate of the architect as to amount due, but amount to be paid not to exceed eighty per cent of certificate; the final instalment not to be payable until all mechanics and material men "shall have in writing acknowledged, that they have been fully paid by the contractors for their work and materials done and furnished."

The building was completed and accepted by defendant, and there remained in its hands the final instalment amounting to $57,260. The contractors, about that time, became insolvent, and made an assignment for the benefit of creditors; a judgment creditor issued an attachment execution and sought to levy his debt out of this fund in defendant's hands: the defendant, insisting on the strict terms of the contract, refused to pay either the assignee, subcontractors or attaching creditor; that is, it demanded the written acknowledgment of the mechanics and material men, that they had been fully paid by the contractors.

A number of the subcontractors had not been paid by the contractors; they, as a class, filed this bill against defendant, the contractors and their assignees, setting out the foregoing facts: and further, that the provision in the contract for withholding of the final payment was inserted for the purpose of inducing them to do work and furnish materials, notwithstanding the waiver of the right to file lien by the principal contractor; and further, that they furnished their materials on the faith of this provision, and on the express assurance of the architect that it was for their benefit. The prayers were, that a receiver be appointed for this particular fund, and that it be distributed pro rata, among the subcontractor creditors of the principal contractors on their executing proper written releases.

Defendant demurred to the bill: 1. Because the subcontractors were not parties to the contract. 2. The contract conferred

no authority on the architect to give such assurance as alleged, or one that would be binding on his employer, except as expressly set out in the contract. The court below sustained the demurrer and dismissed the bill. We now have this appeal by the subcontractors assigning for error the decree of the court dismissing the bill.

It is argued, the demurrer admits the averments of the bill; it does not admit argumentative conclusions, or doubtful inferences from undisputed facts. The averments, that the provision as to the retention of the final payment, was for the benefit of the subcontractors, and that the architect of defendant was its agent to explain the intention of this provision, are but the arguments of the pleader; the demurrer admits the contract as set out; that the principal contractors have performed their work; that defendant has in hand the $57,260; that it ought to be paid to the principal contractors on their compliance with the condition which the contract stipulates shall precede its payment; that the architect has just such power as is given by the contract and none other.

If the contract had provided that on the failure of the principal contractors to deliver the written acknowledgments specified, the money should be withheld from them for the benefit of all the subcontractors who had not been paid, it might have been forcibly argued that such provision constituted an equitable assignment of the fund for their benefit. But that is not the contract; it provides, that the money shall not be paid to the principal contractors until the written acknowledgments are obtained; obviously, this is for additional protection to the owner. True, it has secured an express waiver of the right to file liens; but it may choose to take no chance of harassing litigation by wronged subcontractors and material men, and may insert as many provisions, not for the benefit of subcontractors, but for its own protection, as it chooses.

Nor does the averment, that the architect, by representations outside the contract, allured these plaintiffs into giving credit on the faith of this provision, rest on any stronger foundation. The architect was the agent of defendant in many things; all however, expressly set out in the contract. In this there is not the semblance of authority in him to go outside the scope of his professional duty, and as a lawyer interpret the legal effect of

the provision in question, or as general agent, make promises enlarging the legal liability of his employer under it.

The bill was clearly demurrable.   But, it is asked, can defendant honestly retain this money and pay to nobody?   We answer, no.   Whenever the written acknowledgments are obtained, either by the principal contractors or their assignee; or when, under the limitations of the mechanic's lien law, defendant is beyond peril as to liens against its buildings and grounds, it owes a debt, in such amount as is yet unpaid of the contract price, personally to the principal contractors, which it is bound to pay to the assignee to whom the assets have passed.   Whether these plaintiffs have any equity superior to that of the general creditors in this particular asset, we do not even intimate an opinion; if they have, it can be worked out in the court below on distribution of the fund.

The decree sustaining the demurrer and dismissing the bill, is affirmed.