LUDOWICI ROOFING TILE CO. V. PENNSYLVANIA INST. FOR BLIND. 661

LUDOWICI ROOFING TILE CO. v. PENNSYLVANIA INST. FOR IN-
STRUCTION OF THE BLIND et al.

(Circuit Court, E. D. Pennsylvania. July 16, 1902.)

No. 4.

1. BANKRUPTCY—MEMBERS OF FIRM—FIRM ASSETS.
   A trustee in bankruptcy for individual members of a firm has no right to interfere with firm assets.

2. BUILDING CONTRACTS—RIGHT TO MECHANIC'S LIEN.
   A building contract having expressly provided that there shall be no lien or right of lien, and being recorded as provided by Act Pa. June 26, 1895 (P. L. 369), so as to be binding on subcontractors and material men, provision that final payment shall not be due till all mechanics' liens and material men shall have acknowledged full payment by the contractor is merely for the protection of the owner, and gives no right of lien.

3. PARTIAL ASSIGNMENTS — RIGHTS AS AGAINST GENERAL ASSIGNMENT FOR CREDITORS.
   Where the debtor admits the debt constituting the fund for distribution, and commits its disposition to the court, which has all the parties interested before it, and the fund is made up of the 20 per cent. withheld till final settlement from estimates of amount done by a contractor under his building contract with the debtor, and no work was done after the general assignment for creditors by the contractor, except that the debtor finished the building, partial assignments by the contractor, prior to his general assignment, will be given preference to the general assignment.

In Equity.

John A. McCarthy and George Wharton Pepper, for Ludowici Roofing Tile Co.

Richard C. Dale, for Pennsylvania Institution.

John G. Johnson and J. W. Bayard, for Ezekiel Hunn, assignee.

M. Hampton Todd and E. H. Hall, for Charles F. Gummey, trustee.

E. C. Rhoads, for Mechanics' Nat. Bank.

Fell, Fell & Spalding, for R. A. & J. J. Williams.

Alex. Simpson, Jr., and Joseph G. Magee, for Purvis & Co.

ARCHBALD, District Judge.* It is conceded that there is in the hands of the defendant the Pennsylvania Institution for the Instruction of the Blind the sum of $37,278.11, due to the firm of J. W. Mercur & Co., the parties who had the contract for the construction of the buildings of the institute at Overbrook, Pa., and that all those who have any claim upon the fund are now before the court. The question, therefore, simply is, to whom does it, in whole or in part, belong? The amount so admitted to be due is not all that is claimed on behalf of the contractors, but how much, if anything, is coming to them beyond it, is in controversy between the assignee for the benefit of creditors and the institute in another forum, and is not open for consideration here.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. §§ 229, 428.
* Specially assigned.

The demand of Chas. Francis Gummey, trustee in bankruptcy, is readily disposed of. He does not represent the firm, but only the individual members of it, and has no right, therefore, to interfere with firm assets (Amsink v. Bean, 22 Wall. 395, 22 L. Ed. 801); and, the attempt to enlarge his authority by having the firm declared bankrupt by a nunc pro tunc order in the proceedings pending in the district court against the parties severally having failed, there is nothing left on which to base his claim.

Neither do the mechanics' liens which have been entered stand in the way of a disposition of the fund. The contract, according to which the buildings of the institute were erected, expressly stipulates that there shall be no lien nor right of lien under it, and, having been recorded as provided by the Pennsylvania statute (Act June 26, 1895, P. L. 369), it became binding upon subcontractors and material men such as we have here. It is true that the contract also provides that the final payment shall not be due "until all mechanics' liens and material men who have done work or furnished materials in the erection or construction of the said building, shall have, in writing, acknowledged that they have been fully paid by the contractors for their work and materials done and furnished." But it was decided in Getty v. Institution, 194 Pa. 571, 45 Atl. 333,—a case arising out of this very transaction,—that this provision was inserted solely for the protection of the institute itself, and that subcontractors and material men derived nothing under it. This effectually disposes of the mechanics' liens before the court, and the six-months limit prescribed by the statute has long since run against all others. The institute is therefore fully protected by such order as may be made in the case, and has no occasion to resort to this provision of the contract, or to retain the percentage due the contractors, as provided by it.

With these questions eliminated, the only controversy left is that between the assignee of J. W. Mercur & Co. by virtue of the general assignment for the benefit of creditors under the state law and those who hold partial assignments of the fund previously executed. As to which of these should prevail, there is no serious difficulty. The firm of J. W. Mercur & Co. could not contest the validity of these partial assignments, and (according to the law as it stood at the time the general assignment was made) the rights of the assignee for the benefit of creditors can rise no higher. Crawford Co. v. Merchants' Nat. Bank, 164 Pa. 109, 30 Atl. 302. Nor are these assignments assailable because of their partial character. However it may be at law, for the benefit of the debtor, in order that he may not be harassed by the dividing up of the claim against him, in equity the partial assignment of a debt or chose in action is good, and will be enforced (2 Am. & Eng. Enc. Law [2d Ed.] p. 1070); and where it relates to a fund it does not matter whether the fund is in existence at the time or is to come into being later (Peugh v. Porter, 112 U. S. 737, 5 Sup. Ct. 361, 28 L. Ed. 859; Manufacturing Co. v. Marsh, 91 Pa. 96; Oakes v. Oram, 43 Leg. Int. 520; Beaumont v. Lane, 3 Super. Ct. Rep. 73). Nor is there any reason in the present instance why the rule should not prevail. The debtor admits the debt which constitutes the fund, and commits its disposition to the court, which

has all the parties interested before it, and is in shape to do complete equity between them.

It is contended, however, on behalf of the assignee, that, as the fund had no existence until after the failure, the general and partial assignments attached at the same time, and the one being superior at law should be accorded a similar superiority in equity, because it operates for the benefit of all the creditors. It is a mistake, however, to say that there was no fund until after the general assignment. It is made up, as will be remembered, of the 20 per cent. withheld from time to time out of the monthly estimates as the work progressed, and, as no work was done after the general assignment had been made, except by the institute itself, to finish the buildings, and then to the extent of only $6,000 or $7,000, the fund now in controversy was essentially complete before the contractors were compelled to turn things over to their assignee. But, even if this were not so, I am not prepared to say that the partial assignments should be set aside in favor of the general one. Whatever view it might be necessary to adopt, where the assignee had taken hold at such a stage, that whatever fund there was was the result of his efforts as the representative of the general creditors, there is no reason in such a case as we have here why the partial assignments should not have effect as they were intended from the time they were executed. The right to anticipate and dispose of money to come due on a building contract is an important one, and is frequently resorted to by contractors to obtain credit which they could not otherwise get. That was the case in the present instance, and should not be disturbed. While it is no doubt desirable that the assets of an insolvent should be made to reach as far as possible by a pro rata distribution among all his creditors, it is not to be brought about, either in law or equity, at the expense of definite agreements entered into by him with regard to his property while in full control of it, on the strength of which he has obtained favors not otherwise within his reach. The fund for distribution will be therefore disposed of as follows:

| | |
|---|---|
| To the Ludowici Roofing Tile Co., under assignment Feb. 7, 1898 .......................................... | $7,000 00 |
| To the Mechanics' Nat. Bank, of Burlington, N. J., under assignment of Sept. 27, 1898.................. | 2,000 00 |
| To the Charter National Bank, of Media, Pa., under assignment of Oct. 13, 1898.......................... | 3,000 00 |
| To S. G. Purvis & Co., under assignment of Nov. 28, 1898 ............................................. | 8,000 00 |
| To R. A. & J. J. Williams, under assignment of Dec. 12, 1898 ......................................... | 3,413 76 |
| | $23,413 76 |
| The balance to Ezekiel Hunn, Jr., assignee for the benefit of J. W. Mercur & Co.......................... | 13,864 35 |
| | $37,278 11 |

The costs of these proceedings will be paid by the assignee out of the fund awarded to him.

Let a decree be drawn directing and requiring the Pennsylvania Institution for the Instruction of the Blind to pay to the parties in the foregoing schedule named the amounts severally awarded them

therein, the same to be credited on the amount due upon the contract with the firm of W. H. Jenkins & Co. and J. W. Mercur & Co., successors thereto, named in the bill and cross bill, and to be a release and acquittance to that extent thereon; this to be without prejudice to the right of Ezekiel Hunn, Jr., assignee for the benefit of creditors of the said firm of J. W. Mercur & Co., to such further sum as he may be entitled to therefrom; the said the Pennsylvania Institution for the Instruction of the Blind to be further particularly released and discharged from any claim by or on behalf of Chas. Francis Gummey, trustee in bankruptcy of J. W. Mercur and Ulysses Mercur, and from the several mechanics' liens entered against the buildings of the said the Pennsylvania Institution in the prothonotary's office of Philadelphia county by the North Penn Iron Company, John P. Murta, the P. H. Fairlamb Company, and the Vulcanite Paving Company, which are declared invalid, and of no effect; the costs of these proceedings to be paid by the said Ezekiel Hunn, Jr., assignee, out of the funds hereby obtained.