# Trexler v. Kuntz, Appellant.

*Equity—Equity jurisdiction—Equitable assignment—Multiplicity of suits—Accounting.*

Where a building contractor assigns moneys due him from the owner, and the assignee notifies the owner, the assignment is an equitable assignment, and has priority over an earlier assignment as to which no notice had been given to the owner. In such a case where the two assignments are followed by attachments against the moneys due by the owner to the contractor, and the fund is not sufficient to pay all of the claims, and has not in fact been definitely ascertained as to amount, the owner of the equitable assignment having priority, may file a bill in equity against the owner, and the other claimants, for an accounting, and for a distribution of the fund. In such a case the remedy in equity is more convenient and adequate, and the assignee will not be driven to his remedy at law.

*Constitutional law—Mechanics' liens—Attachment execution—Act of June 4, 1901, P. L. 431.*

The provisions of the Act of June 4, 1901, P. L. 431, which gives to a subcontractor or material man the right to issue an attachment execution against the owner or other party indebted to the contractor for labor or materials furnished, is special legislation in favor of a special class of creditors, and offends against art. 3, sec. 7, of the constitution which forbids the general assembly from passing any local or special law "providing or changing methods for the collection of debts, or the enforcement of judgments."

Argued Dec. 3, 1907. Appeal, No. 22, Oct. T., 1907, by defendants, from decree of C. P. Lehigh Co., June T., 1905, No. 2, on bill in equity in case of Harry C. Trexler et al., trading as Trexler Lumber Company, v. Laura M. Kuntz et al. and Jacob W. Grim et al., trading as Grim Brothers. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for an account and to declare priority.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court.

*Milton C. Henninger*, with him *Edwin H. Stine*, for appellants.—It is the province of equity to protect legal rights that have first been established in a court at law. Legal rights are not established in equity. Nor can the bill in equity brought in this case be sustained as a creditor's bill: Philadelphia Granite and Blue Stone Company v. Douglass et al., 14 Pa. C. C. Rep. 234; Patterson v. Lane, 35 Pa. 275.

The assignment to the appellants was an equitable assignment: Beaumont Bros. v. Lane, 3 Pa. Superior Ct. 73; Hill v. Witmer, 2 Phila. 72; Botsford v. Lull, 30 Pa. Superior Ct. 292; Cooper Brass Works v. Nass, 30 Pa. C. C. Rep. 319.

*Reuben J. Butz*, with him *J. Thos. Schantz*, for appellees.—The court did not err in overruling the demurrer: Phœnix Iron Co. v. Phila., 2 W. N. C. 596.

A partial assignment of a debt is not enforceable against the debtor by an action at law, but when made for a valuable consideration, it is enforceable in equity: Fairgrieves v. Lehigh Nav. Co., 2 Phila. 182; Jermyn v. Moffitt, 75 Pa. 399.

When the remedy at law is inadequate or incomplete or inconvenient, the jurisdiction of equity is not ousted: Socher's Appeal, 104 Pa. 609; Crawford County v. Bank, 164 Pa. 109; Bierbower's Appeal, 107 Pa. 14; Johnston v. Price, 172 Pa. 427; Brush Electric Co.'s App., 114 Pa. 574; Bank of Virginia v. Adams, 1 Parsons, 534; Adams v. Beach, 1 Phila. 99; Apollo Trust Co. v. Safe Dep. Co., 31 Pa. Superior Ct. 524.

The order of appellees was an equitable assignment, while that of appellants was not: Greenfield's Est., 24 Pa. 232; Farmers' & Mechanics' Ins. Co. v. Simmons, 30 Pa. 299; Lloyd v. McCaffrey, 46 Pa. 410; Com. v. American Life Ins. Co., 162 Pa. 586; Nesmith v. Drum, 8 W. & S. 9; Patten v. Wilson, 34 Pa. 299; Caldwell v. Hartupee & Co. for use, 70 Pa. 74; Lumber, etc., Co. v. Marsh, 91 Pa. 96; Ruple v. Bindley, 91 Pa. 296; Moeser v. Schneider, 158 Pa. 412; Beaumont Bros. v. Lane, 3 Pa. Superior Ct. 73; Cooper Brass Works v. Nass, 30 Pa. C. C. Rep. 319.

Irrespective of the character of appellants' order, the appellees are entitled to priority on the question of notice to the

holder of the fund assigned: Phillips' Est., 205 Pa. 515, 525.

*#3*

OPINION BY PORTER, J., July 15, 1908:

Cyrus Kuntz, being the owner of a lot in the city of Allentown, on May 23, 1903, entered into a contract with M. J. Meixell for the erection of a building thereon, the contract containing a stipulation that no mechanic's lien should be filed against said building for work done or material furnished in and about the erection of the same, which said agreement was entered of record in the office of the prothonotary of Lehigh county on the day of its execution, and was duly indexed as required by law. Meixell at once began the work of erecting the building, which was in progress when, on July 8, 1903, Cyrus Kuntz died, having first made his last will and testament of which Laura M. Kuntz was appointed sole executrix, which will was duly probated and letters testamentary issued thereon. Meixell continued the work, under the direction of the executrix, until March 17, 1904, when he became financially embarrassed and made an assignment for the benefit of creditors. The building was at that time substantially completed and Laura M. Kuntz, executrix, took charge of the operation and completed some minor details. The building contract between Kuntz and Meixell required that the building should be completed on September 30, 1903, and that the owner, Kuntz, should be entitled to liquidated damages at the rate of $5.00 for every day thereafter that the work should remain unfinished. The plans were changed, by the executrix and her architect, in material respects during the progress of the work, and Meixell became entitled to additional time on account of these changes. The principal part of the building was completed in October, 1903, and of that part the executrix, by her tenants, then took possession. When the building was completed there was a balance due from Laura M. Kuntz, executrix, for the erection thereof, but in order to ascertain the amount of that balance it was necessary to enter into an account of the various sums to be allowed for the additional work resulting from the changes in the plans and the damages

to which the Kuntz estate was entitled because of the delay in the completion of the building, and for the expense of finishing the details; and there was a dispute as to who was entitled to receive this balance, whatever it might be. Meixell had executed and delivered to Grim Brothers, appellants, the following order:

"ALLENTOWN, PA., January 11, 1904.

"Mrs. Kuntz Estate:

"Please pay to Grim Brothers or order nine hundred, fifty one and sixty one hundredth dollars for brick furnished to Item Building and charged to M. J. Meixell. $951.60."

He had, on January 19, 1904, executed and delivered to the Trexler Lumber Company the following equitable assignment:

"ALLENTOWN, Pa., January 19, 1904.

"To the Estate of Cyrus Kuntz:

"Please pay to the Trexler Lumber Company $1500 out of the moneys due me on the contract for the erection of the Item Building, and charge the same to my account.

"M. J. MEIXELL."

The Trexler Lumber Company, on January 19, 1904, gave notice of this assignment to Laura M. Kuntz, executrix. Grim Brothers, on March 12, 1904, brought an action against M. J. Meixell in the court of common pleas of Lehigh county to recover the sum of $951.60 for materials furnished to said building and, having filed an affidavit setting forth the facts, summoned therein the said Laura M. Kuntz, executrix, as garnishee, under the provisions of the mechanic's lien law of June 4, 1901, P. L. 431, secs. 28 and 29. On the same day Seagreaves, Swoyer & Company brought similar actions against the same defendants, the former claiming $199.73 and the latter claiming $433.20, for materials furnished the same building. The balance owing by Laura M. Kuntz, executrix, for the completion of the building was insufficient to pay the amount which had been assigned to the Trexler Lumber Company and the claims of Grim Brothers, Masters and Seagreaves, Swoyer & Company. The plaintiffs, on April 22, 1905, filed a bill in equity

in this case, averring the foregoing facts, and praying (1) that the amount due by said Laura M. Kuntz, executrix of Cyrus Kuntz, deceased, for the erection of said building, be determined. (2) That it be further determined to whom said sum so found to be due shall in equity be paid. (3) That the order delivered by Meixell to the Trexler Lumber Company, above recited, be decreed to be an equitable assignment of $1,500, out of the money due by said Laura M. Kuntz, executrix, on the contract for the erection of said building, and that said assignment be prior and superior to all other claims against said fund. (4) That it be decreed that the said Laura M. Kuntz, executrix, pay to the Trexler Lumber Company the said sum of $1,500, with interest thereon from January 19, 1904. (5) That the balance of said fund be distributed to the parties entitled thereto in accordance with their respective rights. Grim Brothers, the appellants, demurred to the bill upon the ground that the complainants had a full and adequate remedy at law, and that the court was without jurisdiction in equity. The other defendants made no objection to the jurisdiction and filed answers. The demurrer of Grim Brothers having been overruled, they also filed an answer. The cause proceeded to a final hearing and the court entered a decree determining the amount due by Laura M. Kuntz, executrix, for the erection of the building, and awarding that amount to the Trexler Lumber Company. Grim Brothers alone appeal.

The first, second and third specifications of error relate to the action of the court below, in overruling the demurrer of the appellants and entertaining jurisdiction of the bill. The averments of the bill disclosed that the amount of the fund in the hands of Laura M. Kuntz, executrix, was uncertain, but they also showed that it was not sufficient to pay all of those who were asserting claims upon it. The Trexler Lumber Company held an order which was unquestionably an equitable assignment of $1,500 of the fund, and of this assignment they had given notice to the executrix on January 19, 1904. Grim Brothers held an order from Meixell upon "Mrs. Kuntz Estate," whatever that estate might be, which they asserted was an equitable assignment of a part of the same fund. Three

separate and independent actions had been brought, by Grim Brothers, Masters and Seagreaves, Swoyer & Company, in which attachments had been served on the executrix, claiming the right to participate in the distribution of the fund. The rights of these various claimants were adverse to each other, yet in the various actions which had been brought, and which were proposed, they would not be brought face to face in one proceeding where all could be heard and where the rights of all could be determined. The plaintiffs held an equitable assignment of a part of the fund. It is not necessary in this case to determine whether they could have maintained an action at law, against the executrix, to collect the part of the fund so assigned. At common law a chose in action could not be assigned. The assignee had no standing whatever in a common-law court; the assignment was null. In equity, however, whenever the assignment was founded upon a valuable consideration, and when it would therefore be unfair to allow a person to pay value without giving a substantial equivalent, an entirely new title was created, distinct from and independent of the legal title, which still remained in existence, but was held by the assignor solely for the benefit of the assignee. The method of asserting this title was by allowing the assignee to use the name of the assignor in an action at law to recover the chose, and by restraining the latter from any interference in this suit. If the assignor refused to allow his name to be used, or any other reason existed which called for the direct interposition of chancery, the assignee was entitled to file a bill in equity and his title to the chose was immediately recognized and enforced: Bispham's Principles of Equity (7th ed.), 27. "In the absence of chancery powers in our courts, equitable relief was afforded wherever practicable, in common-law forms. When later the legislature granted equitable powers it was held that if the subject of a bill was one within the proper and established jurisdiction of chancery the intervention of a new remedy in common-law form, or the extension of an old one, would not necessarily oust the equitable jurisdiction:" Wesley Church v. Moore, 10 Pa. 273. "The question raised in this case is not alone whether the plaintiff has a remedy at law

*law - inconvenient*

for that remedy he clearly has, but whether in view of the facts it is an adequate one. It may be conceded that the time is not very remote in our judicial history when a wronged party sought the intervention of equity and he could be truthfully met by the reply, you have a remedy at law in an action for damages, such reply would have been the end of his bill; he would have been turned out of court for want of jurisdiction. But this answer is no longer conclusive as to the jurisdiction; courts now go farther and inquire whether under the facts the remedy at law is not vexatiously inconvenient, and whether it is so proximately certain as to be adequate to right the wrong complained of:" Gray v. Citizens' Gas Company, 206 Pa. 303. The questions turn in many cases on the completeness, adequacy and convenience of the remedy at law, and the decisions of the Supreme Court of Pennsylvania have been liberal in the consideration of all these elements. When the remedies at law would be cumbersome, inconvenient and inadequate equity will entertain jurisdiction of the bill: Boyd v. American Carbon Black Company, 182 Pa. 206; Johnston v. Price, 172 Pa. 427; Crawford County v. Bank, 164 Pa. 109; Conemaugh Gas Company v. Gas Company, 186 Pa. 443; Pennsylvania Railroad Company v. Bogert, 209 Pa. 589; Cook v. Carpenter, 212 Pa. 165. The plaintiff held an equitable assignment of a part of the fund and these appellants asserted that they also held an equitable assignment of a part of the fund; the fund was not sufficient to pay both, and in addition there were other creditors who had attached the fund; it is manifest that the conflicting rights of these parties could most promptly and most satisfactorily be determined by a proceeding in equity, to which all were made parties. The demurrer was, therefore, properly overruled.

The equitable assignment of $1,500 of the fund to the Trexler Lumber Company was entitled to priority in payment over the order given by Meixell to Grim Brothers for two reasons. First, the order held by Grim Brothers did not designate the fund out of which the amount was to be paid, and for that reason did not operate as an equitable assignment of the amount for which the order was drawn: Bispham's Principles

of Equity, secs. 165 and 167; Greenfield's Estate, 24 Pa. 232; Clemson v. Davidson, 5 Binney, 392; Farmers' & Mechanics' Insurance Company v. Simmons, 30 Pa. 299; Commonwealth v. American Life Insurance Company, 162 Pa. 586. Second, the court below originally found, "That Laura M. Kuntz as executrix and individually had notice of the order of M. J. Meixell, the contractor, to Grim Brothers on the 11th day of January, A. D. 1904, the day when the order was given," but subsequently corrected this finding and found as a fact, "That Grim Brothers never gave any legal notice to Laura M. Kuntz, executrix, of their order." We have carefully examined the testimony and are convinced that the conclusion finally reached by the court below upon this point was correct. There was no evidence which would have warranted a finding that Grim Brothers had given notice of their order to Laura M. Kuntz, executrix. The order held by Grim Brothers was prior in date to that of the Trexler Lumber Company, but as the former had failed to give notice of their alleged equitable assignment to Laura M. Kuntz, executrix, and the Trexler Lumber Company had given notice of their equitable assignment, upon the day of its date, the claim of the latter takes precedence to that of the former: Phillips's Estate (No. 3), 205 Pa. 515, and Phillips's Estate (No. 4), 205 Pa. 525.

The appellants were not entitled to participate in the distribution of the fund by virtue of their action under the mechanic's lien law against the contractor, Meixell, in which they summoned Laura M. Kuntz, executrix, as owner, under the provisions of the twenty-eighth and twenty-ninth sections of the Act of June 4, 1901, P. L. 431. The provisions of that statute which give to a subcontractor or material man the right to issue an attachment execution against the owner, or other party indebted to the contractor for labor or materials furnished, is special legislation in favor of a special class of creditors, and offends against article 111, sec. 7 of the Constitution which forbids the general assembly from passing any local or special law "providing or changing methods for the collection of debts, or the enforcement of judgments:" Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Vulcanite

Paving Co. v. Philadelphia Rapid Transit Co., 220 Pa. 603. All the specifications of error are overruled.

The decree is affirmed and the appeal dismissed at costs of the appellant.