## Yeager *v.* Mansel, Appellant.

*Sale — Action for purchase-price—Promissory notes — Lack of title—Promise not to sue until title is acquired—Claims of third persons barred by statute of limitations.*

One who has given his notes for the purchase of lumber cannot resist payment on account of lack of title in the seller and a promise by the seller not to bring an action upon the notes until he had acquired title, where by reason of lapse of time any claim to the lumber by any one is barred by the statute of limitations.

Argued March 11, 1919. Appeal, No. 157, Jan. T., 1919, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1917, sustaining motion for judgment for want of sufficient affidavit of defense in the case of Sophia M. Yeager, Executrix of John H. Yeager, surviving partner of the copartnership composed of S. Bacon Eilenberger and John H. Yeager, doing business under the firm name of Eilenberger & Yeager, *v.* James Mansel. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Assumpsit upon two promissory notes. Before WHITE-HEAD, P. J.

Judgment for plaintiff for want of sufficient affidavit of defense. Defendant appealed.

*Error assigned* was, among others, (8) the judgment of the court.

*Max L. Mitchell,* with him *H. W. Pyles,* for appellant. —The bar of the statute of limitations is a mere personal privilege of which a debtor may take advantage or not, as he sees fit, and he cannot be compelled to plead either for himself or for the benefit of others: Biddle v. Moore, 3 Pa. 161; Barclay v. Barclay, 206 Pa. 307; Hogle v. DeLong Hook & Eye Co., 248 Pa. 471.

A vendee may defend an action to recover a balance of unpaid purchase money even though he continues in pos-

session: Steinhauer v. Witman, 1 S. & R. 438; Magaw
v. Lothrop, 4 W. & S. 316; Knepper v. Kurtz, 58 Pa.
480; Cross v. Noble, 67 Pa. 74; Stephens v. Black, 77
Pa. 138.

*John C. Ingham,* with him *Clarence E. Sprout,* for
appellee.—In order to constitute a defense on the ground
of an outstanding title in another, the defendant must
show that he has suffered an eviction or loss of possession
on that account: Krumbhaar v. Birch, 83 Pa. 426; Geist
v. Stier, 134 Pa. 216; Morrison v. Whitfield, 46 Pa. Su-
perior Ct. 103; Chambers v. Smith, 183 Pa. 122.

Even were the defendant's title otherwise defective,
the statute of limitations has vested in him an absolute
and unassailable title: Schall v. Williams Valley R. R.,
35 Pa. 191; Leeds v. Bender, 6 W. & S. 315; Altoona,
etc., R. R. Co. v. Pittsburgh, etc., R. R. Co., 203 Pa. 102.

The defendant must use good faith to his covenantor,
and he must set up every defense available against an
outstanding title: McCloskey v. Powell, 123 Pa. 62.

PER CURIAM, April 14, 1919:

The notes upon which this action was brought were
given by the defendant to the payees for lumber they had
sold him. He sets up as his only defense lack of title in
them to the timber and an unkept promise or agreement
by them that no action would be brought upon the notes
until they had acquired title to it. He cut and removed
all of it prior to March, 1909, and, after he had agreed
to waive the statute of limitations in any action that
might be brought against him on the notes, no steps were
taken to collect them until November 7, 1917, when this
action was brought. More than eight years had elapsed
from the time the defendant had cut and removed the
timber, and any claim to it by any one was then barred
by the statute of limitations. For this reason the learned
court below correctly held the affidavit of defense to be
unavailing. In Getty et al. v. The Pennsylvania Institu-

tion for the Instruction of the Blind, 194 Pa. 571, the building contract provided that the retained percentage should not be payable until all mechanics and material-men had, in writing, acknowledged that they had been fully paid by the contractors for all work done and materials furnished. After the completion of the building a final installment was due to the contractors, who in the meantime had made an assignment for the benefit of creditors. In holding that this sum could not be retained by the institution after the time for filing mechanics' liens had expired, even if the subcontractors had not acknowledged that they had been fully paid, we said: "When, under the limitations of the mechanic's lien law, defendant is beyond peril as to liens against its buildings and grounds, it owes a debt, in such amount as is yet unpaid of the contract price, personally to the principal contractors, which it is bound to pay to the assignee to whom the assets have passed."

Judgment affirmed.